# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRISTAN E. CAMERON,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE NAVY,
　　　　　　Agency.

DOCKET NUMBER
SF-0752-21-0072-I-1

DATE: January 2, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tristan E. Cameron, Tamuning, Hawaii, pro se.

Jospeh P. Duenas, Esquire, FPO, Armed Forces Pacific, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal for testing positive for marijuana. On petition for review, the appellant reiterates many of his arguments from below concerning, among other things, his explanation for the positive drug test, a policy that purportedly permits the conduct in which he allegedly engaged, an alleged due process

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

violation, and the reasonableness of the penalty of removal. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

We agree with the administrative judge that the agency proved its charge, a nexus between the appellant's removal for the misconduct at issue and the efficiency of the service, and that the penalty of removal was reasonable. Initial Appeal File (IAF), Tab 21, Initial Decision (ID) at 7-8, 13-15. We also agree that the appellant failed to prove an affirmative defense of reprisal for grievance activity.[2] ID at 8-12.

---

[2] On review, the appellant appears to raise a claim that his removal was taken in reprisal for whistleblowing activity. PFR File, Tab 1 at 18-19, 21. The appellant did not raise this claim below, and the Board will generally not consider an argument raised for the first time on review absent a showing of new and material evidence not previously available despite an appellant's due diligence. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). To the extent the appellant asserted facts below that could have been construed as a claim of whistleblower reprisal, the administrative judge's summary and order of the close of record conference clearly defined the issues of the case, and she explicitly informed the parties that, if they had any objections to the rulings made therein, any objection must be submitted in writing by a certain date. IAF, Tab 10 at 7. The appellant did not object to the administrative judge's rulings regarding the issues of the case. An appellant's failure to timely object to an

Regarding the appellant's due process claim, he asserted below that the deciding official considered information in the proposing official's *Douglas*[3] factor analysis that was not provided to him prior to the final decision. IAF, Tab 1 at 5, Tab 8 at 4. In an order, the administrative judge explained that the *Douglas* factors were discussed in a worksheet prepared by the proposing official and that the worksheet was referenced in the proposal notice as being among the materials relied upon. IAF, Tab 5 at 27, Tab 10 at 2-3. Observing that the appellant did not request access to the relied-upon materials, despite being informed that he could do so, she concluded that the appellant "did not state a viable claim that he was denied due process." IAF, Tab 5 at 29, Tab 10 at 2-3. Accordingly, she did not accept the affirmative defense for adjudication. IAF, Tab 10 at 3.

The appellant raises his due process claim again on review. PFR File, Tab 1 at 12-15. In her order excluding this claim, the administrative judge explicitly informed the parties that if they had any objections to the rulings made therein, such an objection must be submitted in writing by a certain date. IAF, Tab 10 at 7. The appellant did not object to any of the administrative judge's rulings. The Board has held that an appellant's failure to timely object to an administrative judge's rulings precludes him from doing so on review. *See Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 16 (2014); *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012). Thus, we find that the appellant waived this argument.

In any event, the Board has explained that an appellant cannot be heard to claim that his due process rights were denied when the notice of proposed

---

administrative judge's rulings precludes him from doing so on review. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 16 (2014); *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 7 (2012).

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board set forth a non-exhaustive list of factors relevant in determining the penalty for a sustained act of misconduct.

removal expressly advised him that the material relied upon to support the proposed action was available for his review, directed the manner in which such review could take place, and the appellant made no attempt to review the material upon which the agency relied. *Martel v. Department of Transportation*, 15 M.S.P.R. 141, 154-55 (1983), *aff'd*, 735 F.2d 504 (Fed. Cir. 1984). Here, the proposal notice provided the appellant with the name, telephone number, and email address of the agency official to contact should he "desire to review the material upon which this notice is based." IAF, Tab 5 at 29. The appellant did not do so. Accordingly, we discern no error in the administrative judge's decision to exclude this claim.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.